Filed 4/10/13  P. v. Craft CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C071479 |
| Plaintiff and Respondent, | (Super. Ct. No. CM034486) |
| v. | |
| JOHN KENNETH CRAFT, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Defendant John Kenneth Craft was friends with Timothy Hilley.[1]  He invited Hilley to stay in his home and Hilley stole property from defendant and his friends. Defendant tracked Hilley down and brought him to David Forester's house.  Over the

---

[1]  The stipulated factual basis is taken from the probation report.

1

course of several hours, Forester and defendant beat Hilley. Forester hit Hilley repeatedly, causing him to fall to the ground unconscious, and defendant kicked Hilley in the face several times. Hilley regained consciousness and tried to run away. Defendant and Forester caught Hilley, dragged him back to Forester's home and continued to beat him. Eventually, Hilley was able to escape. As a result of the beating, Hilley suffered a lacerated spleen, internal bleeding, broken ribs, facial fractures, a severe hematoma in the bowel area and mild renal failure.

Defendant was charged with torture (Pen. Code, § 206),[2] assault with a deadly weapon (§ 245, subd. (a)(1)), false imprisonment by violence (§ 236) with a special allegation of deadly weapon use (§ 12022, subd. (b)(1)), and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)) with a special allegation defendant personally inflicted great bodily injury on Hilley (§ 12022.7, subd. (a)). Defendant pleaded no contest to assault by means of force likely to produce great bodily injury and admitted he personally inflicted great bodily injury. The remaining counts were dismissed with a *Harvey*[3] waiver.

Defendant was sentenced to an aggregate term of five years in state prison. He was ordered to pay a $1,000 restitution fund fine, a $1,000 parole revocation fine, stayed pending successful completion of parole, a presentence investigation report fee of $736, a $40 court operations assessment fee, and a $30 conviction assessment fee. Defendant was awarded 339 days' presentence custody credits.

Defendant sought additional credits under the amendments to section 4019. This motion was denied, because the personal infliction of bodily injury enhancement made the assault a serious felony offense.

---

[2] Undesignated statutory references are to the Penal Code.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.



                                                        MURRAY            , J.



We concur:



          NICHOLSON        , Acting P. J.



          DUARTE          , J.